UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMARR ANDRES,<br><br>                Plaintiff,<br><br>v.<br><br>C.O. MARSHALL, ET AL.,<br><br>                Defendant. | Civil No. 13-CV-01733-DMS (BGS)<br><br>**REPORT AND RECOMMENDATION: TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISS PLAINTIFF'S CLAIMS WITHOUT PREJUDICE** |

**I. Introduction**

On July 24, 2013, Kevin Lamarr Andres ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, alleging civil rights violations for an event occurring on January 20, 2013. (Doc. No. 1.) The alleged event took place during Plaintiff's incarceration at the Donovan Correctional Facility in San Diego, California. (*Id*.) The complaint names Correctional Officer L. Marshall, along with Appeals Coordinators R. Olson and J. Ramirez, as Defendants. (*Id*.) Initially Defendants filed a Fed. R. Civ. Pro 12(b) motion to dismiss the complaint for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. No. 9.) The motion was filed prior to the Ninth Circuit Court of Appeals April 2014 decision in *Albino v. Baca,* 747 F.3d 1162, 1170 (9th Cir. 2014). Subsequent to the *Albino* decision, Defendants withdrew the motion to dismiss. (Doc. No. 18.) In accordance with the

1

directive set forth in *Albino*, Defendants filed the instant Motion for Summary Judgment. (Doc. No. 25.)

## II.  Factual Background

Plaintiff alleges that on January 20, 2013, Correctional Officer Marshall used physical brutality and excessive amounts of force against him, violating his Eighth Amendment rights. (Doc. No. 1 at 3.) Specifically, Plaintiff contends that at the time of the alleged incident, guards were attempting to break up a fight between himself and another inmate. (Doc. No. 1 at 3; Doc. No. 11 at 30-35.) As a result, Plaintiff was proned [*sic*] out on the floor, having been shot by a block gun, and wheezing and choking from pepper spray used by the guards. (*Id.*) While laying in a nonaggressive position, Plaintiff alleges that Marshall struck him with her expandable baton on the back of his head, neck, and left shoulder until he felt like he wanted to faint. (Doc. No. 1 at 3.) After Marshall stopped beating Plaintiff with her baton, he told her he could not breathe, he was feeling faint, and he needed a doctor. In response, Plaintiff states Marshall told him to "shut up," that he was not going to get a doctor and she would continue to beat him if he said anything else. (Doc. No. 11 at 35.) Plaintiff also alleges that after the event occurred, Marshall was heard saying, "I got him, I finally got him." (Doc. No. 1 at 3.)

Additionally, Plaintiff alleges that Appeals Coordinators R. Olson and J. Ramirez retaliated against him for filing grievances against Defendant Marshall. (Doc. No. 1 at 4.)  Plaintiff contends Olson and Ramirez routinely blocked his grievances from being effectively filed by holding them long past the time limit for Plaintiff to receive a response to the grievance. (*Id.*) Plaintiff further alleges that Olson's and Ramirez's actions constitute a violation of his right to procedural due process and access to courts. (*Id.* at 4-5.)  In addition, Plaintiff alleges Olson and Ramirez conspired to retaliate against him by enabling the theft of his personal property. (*Id.*)

## III.  Relevant Procedural Background

The Motion for Summary Judgment is based entirely on Plaintiff's alleged failure to exhaust administrative remedies. (Doc. No. 25.)  On April 4, 2013, before Plaintiff

filed this lawsuit, he filed a petition for writ of habeas corpus ("Petition") in state court regarding his attempt to exhaust his administrative remedies on his claim alleging Defendant Marshall's use of excessive force. (Piazza Decl., Ex. 1; Doc. No. 46-1; Doc. No. 47, Ex. 1.) Plaintiff's Petition dealt with the same issue Defendant Marshall raises in the instant Motion for Summary Judgment—exhaustion of administrative remedies. (*See* Doc. Nos. 25, 46.)

On August 22, 2014, the San Diego Superior Court conducted an evidentiary hearing with respect to Plaintiff's Petition. (Piazza Decl., Ex. 1; Doc. No. 46-1.) The state court rendered a decision finding that Plaintiff timely filed his administrative grievance and further ordered the prison to process the grievance at the first level of review. (Order Granting Petition for Writ of Habeas Corpus, Doc. No. 47, Ex. 1; Order Denying Respondent's Motion for Reconsideration, Doc. No. 48 at 9.) The court, however, did not deem the grievance exhausted, but rather ordered the prison to accept and process the grievance as if it was timely filed on August 22, 2014. (*Id*.)

Both Plaintiff and Defendants ask this Court to take judicial notice of the state court habeas proceeding. (Doc. Nos. 45-48.) This Court chooses to take judicial notice of the San Diego Superior Court records because those proceedings have a direct relation to matters at issue in this case. *United States ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).

## IV.  Legal Standard

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is

sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (internal citations omitted).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party, but on an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; accord *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

## V.  Discussion

### A.  Failure to Exhaust Administrative Remedies

#### 1. The Prison Litigation Reform Act

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a federal action concerning prison conditions "until such available administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Among the purposes of the PLRA is to allow prison officials a chance to resolve disputes regarding the exercise of their responsibilities before being haled into court; to reduce the number of prisoner suits; and to improve the quality of suits that are filed by producing a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). To satisfy the requirements of the PLRA, exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means that a prisoner must use all steps the prison offers, enabling the prison to reach the merits of the issue. *Id.* at 90. Prisoners need only comply with the

prison's own grievance procedures to properly exhaust. *Bock*, 549 U.S. at 218. In the Ninth Circuit, a prisoner's grievance contains the appropriate standard of factual specificity "if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). It is axiomatic that "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id*. To that end, a grievance need not include legal terminology or legal theories, or contain every fact necessary to prove each element of an eventual claim. *Id*.

Procedurally, failure to exhaust under the PLRA is an affirmative defense. *Bock*, 549 U.S. at 216. In the Ninth Circuit, a motion for summary judgment is the proper vehicle to decide whether a prisoner has exhausted administrative remedies pursuant to the PLRA. *Albino*, 747 F.3d at 1170. A defendant has the burden to prove that there was an available administrative remedy, and that the prisoner did not exhaust it. *Id*. at 1172. If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion are decided by the court. *Id*. at 1170-71. To the extent the court makes any factual findings that are relevant to both exhaustion and the merits, the court's findings made in the course of deciding exhaustion are not binding on a jury deciding the merits of the suit. *Id*. at 1171.

If a prisoner has not exhausted his administrative remedies before filing his federal suit, the court must dismiss the action without prejudice to the prisoner filing a new action after he has completed his administrative remedies. *See McKinney v. Carey,* 311 F.3d 1198, 1200-01 (9th Cir. 2002). Finally, a prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Ngo*, 548 U.S. at 88.

2. California Prisons' Grievance Procedures

CDCR regulations allow a prisoner to appeal any action or decision by a prison official that adversely affects the prisoner's welfare. 15 Cal. Code Regs. § 3084.1(a). The CDCR's administrative exhaustion procedure was modified by amendment on December

13, 2010, becoming effective on January 28, 2011. *See Manning v. Bunnell*, No. 2:12-CV-2440, 2014 WL 1338312, at *3 (E.D. Cal. Apr. 2, 2014) . In order to exhaust available administrative remedies within the current system, a prisoner must submit his complaint on a CDCR Form 602 and proceed up to a third formal level of appeal filed with the CDCR director or designee. Cal. Code Regs. tit. 15, § 3084.1-3084.7. Third-level, or "Director's level," of review satisfies the administrative remedies exhaustion requirement under Section 1997e(a). *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal.1997); Cal. Code Regs. tit. 15 § 3084.1(b). CDCR regulations require a prisoner to describe "the specific issue under appeal and the relief requested." Cal.Code Regs. Tit. 15, § 3084.2(a). The prisoner is also required to list "all staff member(s) involved and ... their involvement in the issue." Cal. Code Regs. Tit. 15, § 3084.2(a)(3). If the prisoner does not know all staff members involved, the prisoner "shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

    3. <u>Plaintiff's Exhaustion of Administrative Remedies as to Defendant Marshall</u>

Defendant Marshall moves for summary judgment on the ground that Plaintiff did not exhaust administrative remedies on the excessive force claim prior to filing suit. (Defs.'Mem. P's & A's ISO MSJ; Doc. No. 25-1 at 19.) Notably, after Defendant filed the motion for summary judgment, the San Diego Superior Court conducted an evidentiary hearing regarding Plaintiff's attempts to utilize the prison administrative appeals process to redress his grievance against Defendant Marshall.[1] (Order Granting Pet. for Writ of Habeas Corpus, Doc. No. 47, Ex. 1.) The state court rendered a decision finding that Plaintiff "credibly testified he timely filed administrative appeals and that he used an authorized method when submitting his appeals," and further ordered the prison to process the appeals Plaintiff attempted to file on January 25 and February 19, 2013.

---

[1] As mentioned above, both Plaintiff and Defendant ask this Court to take judicial notice of the state court habeas proceeding and this Court chooses to take judicial notice of the San Diego Superior Court records because those proceedings have a direct relation to matters at issue in this case.

(*Id.*; *see also* Order Denying Respondent's Motion for Reconsideration, Doc. No. 48 at 9.) Thus, as of August 22, 2014, administrative remedies remained available to Plaintiff on his claim against Defendant Marshall.

Therefore, at the time Plaintiff filed his complaint in July 2013, he had yet to receive a final decision from the Director's level of review such to satisfy the exhaustion requirement under § 1997e(a). *See Booth*, 532 U.S. at 739-41; *see also McKinney,* 311 F.3d at 1200-01 (holding a prisoner must wait to file suit until the exhaustion requirement is met, and may not exhaust while the federal action is pending). Because the court is required to dismiss the federal action without prejudice if exhaustion is not complete at the time the inmate files suit, the Court recommends that Defendant Marshall's motion for summary judgment be **GRANTED**. The claim should be dismissed without prejudice and with leave to amend in order for Plaintiff to re-file his complaint when exhaustion is complete.

4. Plaintiff's Exhaustion of Administrative Remedies as to Defendants Olson and Ramirez

Defendants also move for summary judgment for failure to exhaust administrative remedies as to the claims alleged against Olson and Ramirez. (Defs.' Mem. P's & A's ISO MSJ; Doc. No. 25-1 at 18.) Defendants contend that Plaintiff only submitted a grievance pertaining to Olson and Ramirez directly to the third level of review and that the grievance was properly rejected for bypassing the first two levels of review.[2] (*Id.*, *see also* Pl.'s Opp'n, Doc. No. 33 at 69-72.) On this record, the Court finds that Defendants Olson and Ramirez have met their initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available

---

[2] Although the inmate grievance does not identify either Defendant Olson or Ramirez by name, the grievance does allege that Plaintiff's inmate appeal regarding the incident with Defendant Marshall "was ignored." (Pl.'s Opp'n, Doc. No. 33 at 71.) This statement sufficiently alerted prison officials that Plaintiff was complaining about Defendants Olson and Ramirez because they were the appeals coordinators responsible for processing inmate grievances at the relevant time. Regardless, Defendants do not challenge the grievance on the basis that it fails to specifically name Olson and Ramirez. Defendants move for summary judgment solely on the basis that Plaintiff's grievance was rejected for attempting to bypass the lower levels of review. (Defs.' Mem. P's & A's ISO MSJ; Doc. No. 25-1 at 18.)

remedy" as to the claims against them. *Albino,* 747 F.3d at 1172.  The burden then shifts to Plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*.

When viewing all the facts in the light most favorable to Plaintiff, the record nevertheless establishes that Plaintiff did not properly exhaust administrative remedies prior to filing suit.  Plaintiff's own exhibit supports Defendants' contention that he improperly submitted his grievance directly to the third level of review without ever submitting his appeal for processing at either the first or second levels of review. (Pl.'s Opp'n, Doc. No. 33 at 69-72.)  Plaintiff sent his CDCR 602 appeal alleging "exhaustion denial on excessive force complaint" directly to the Inmate Appeals branch in Sacramento.  (*Id*. at 71.)  Further, the section of the appeal form reserved for documenting the first level response is not completed.  (*Id.*)  In fact, Plaintiff specifically mentions that he is seeking a "response from [the Director's level] as it is the last level ultimately."  (*Id*.)  Defendants correctly argue that because Plaintiff failed to properly submit his appeal to the first and second levels prior to appealing at the Director's level, Plaintiff did not exhaust his administrative remedies.  California's relevant regulations provide that an appeal may be rejected if the appeal is submitted to the third level prior to lower level review.  Cal. Code Regs. Tit. 15, § 3084.6(b)(15) ("The inmate or parolee has submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review, e.g., submitting an appeal at the third level prior to lower level review.").  Accordingly, it is clear from the record that Plaintiff failed to properly exhaust his administrative remedies as it pertains to the claims against Defendants Olson and Ramirez.

The Court therefore recommends that the motion for summary judgment be **GRANTED**.  The claims against Defendants Olsen and Ramirez should be dismissed without prejudice and with leave to amend.

## VI.  Conclusion

Having reviewed the matter, the undersigned Magistrate Judge recommends that Defendants' Motion for Summary Judgment be **GRANTED**. Plaintiff's Complaint should be dismissed without prejudice and with leave to amend so long as Plaintiff fully and properly exhausts his administrative grievances prior to filing his amended complaint.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. sec. 636(b)(1).

IT IS HEREBY ORDERED that no later than, **January 9, 2015**, after receiving a copy of this Report and Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties by **January 26, 2015**.

IT IS SO ORDERED.

DATED:  December 10, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court