# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMARR ANDRES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>C.O. MARSHALL, *et al.*,<br><br>　　　　　　Defendants. | Civil No.　13cv1733 DMS (BGS)<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION** |

　　　　Plaintiff Kevin Lamarr Andres, a state prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging use of excessive force, interference with access to the courts, and violation of procedural due process rights. The action was referred to Magistrate Judge Bernard G. Skomal for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).

　　　　Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. The magistrate judge issued an R & R recommending that Defendants' motion be granted and that Plaintiff's claims be dismissed without prejudice to filing an amended complaint after exhausting administrative remedies. Both sides object.

　　　　A district judge "may accept, reject, or modify the recommended disposition" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the

1

parties. Fed. R. Civ. P. 72(b). "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Plaintiff objects to the R & R because, when he filed his excessive force grievance at the first level, Defendants failed to process it and Plaintiff had to file an action in state court to force Defendants to process the grievance. As stated in the R & R, however, the state court decision ordering Defendants to process the grievance was not issued until after Plaintiff had filed the complaint pending in this action. Therefore, dismissal without prejudice is mandated by *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Plaintiff's objection is overruled.

Defendants object to the R & R because it grants Plaintiff leave to amend to reallege the dismissed claims after exhausting his administrative remedies. Defendants correctly point out that leave to amend would be contrary to *McKinney* and allow this case to remain pending indefinitely. In *Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014), the court allowed the plaintiff to file an amended complaint to allege *new* claims based on events which occurred before filing of the initial complaint, so long as the plaintiff also alleged exhaustion of administrative remedies. That is not the case here; Plaintiff would amend the complaint to reallege dismissed claims, thus leaving the lawsuit left open indefinitely. If and when Plaintiff exhausts administrative remedies, he can file a new lawsuit. Defendants' objection is sustained.

For these reasons, the R & R is rejected insofar as it grants leave to amend, and adopted in all other respects. Defendants' motion for summary judgment is granted. Plaintiff's claims are dismissed without leave to amend, but without prejudice to filing a new action after exhausting administrative remedies.

**IT IS SO ORDERED.**

DATED: March 25, 2015

_____
HON. DANA M. SABRAW
United States District Judge