

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMARR ANDRES,<br><br>Plaintiff,<br><br>v.<br><br>C.O. MARSHALL, ET AL.,<br><br>Defendant. | Civil No.    13-CV-01733-DMS (BGS)<br><br>**REPORT AND RECOMMENDATION: GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. No. 82]** |

## I. INTRODUCTION

On January 23, 2015, Kevin Lamarr Andres ("Plaintiff") filed a First Amended Complaint ("FAC")Pursuant to 42 U.S.C. § 1983, alleging civil rights violations for two events involving Correctional Officer Marshall. [Doc. No. 65.] Pursuant to Judge Sabraw's March 25, 2015 Order, Plaintiff was not permitted to amend his complaint with respect to Plaintiff's allegations of excessive force against Marshall stemming from the events on January 20, 2013. [Doc. No. 87.]  Accordingly, Defendant's motion to dismiss that claim is moot because Plaintiff was not permitted leave to amend the claim. [*Id.*] Plaintiff's FAC also includes an allegation of an illegal strip search involving Defendant Marshall stemming from an event occurring December 1, 2012. [Doc. No. 65.] Defendant moves to dismiss the December 1, 2012 claim for failure to exhaust. [Doc. No. 82.] In addition, Defendants move to dismiss Defendants Olson and Ramirez

1   because Plaintiff did not allege any claims against them in the FAC. [Doc. No. 82.]
2   Plaintiff agrees to the dismissal of Olson and Ramirez from this action, therefore, the
3   Court recommends that they be dismissed. [Doc. No. 85.] Defendants also request that
4   the Court clarify whether the "Richard J. Donovan Correctional Facility" is a Defendant
5   in the action because Plaintiff lists the entity in the caption of the amended complaint but
6   has neither made allegations against the entity nor served the facility. [*Id.*] Plaintiff
7   agrees that the facility need not be named. [Doc. No. 85 at 7.] Therefore, the only claim
8   at issue is Plaintiff's claim against Defendant Marshall alleging sexual harassment
9   through the use of an illegal strip search.

10   **II.  MOTION TO DISMISS**

11        A motion to dismiss for failure to state a claim upon which relief can be granted
12   pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the pleadings and allows a
13   court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim
14   upon which relief may be granted.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
15   The court may dismiss a complaint as a matter of law for: (1) "lack of a cognizable legal
16   theory," or (2) "insufficient facts under a cognizable legal claim."  *SmileCare Dental*
17   *Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).
18    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
19   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,
20   U.S. 129 S.Ct. at 1949- 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at
21   570). "A claim has facial plausibility when the plaintiff pleads factual content that allows
22   the court to draw the reasonable inference that the defendant is liable for the misconduct
23   alleged." *Id.* All allegations of material fact are taken as true and construed in the light
24   most favorable to the nonmoving party.  *Enesco Corp. v. Price/Costco, Inc*., 146 F.3d
25   1083, (9th Cir. 1998).  The court need not, however, accept as true allegations that
26   contradict matters properly subject to judicial notice or by exhibit.  *See Mullis v. United*
27   *States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Nor is the court required to
28   accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences.  *See Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir. 1994).  On a motion to dismiss a court can consider exhibits submitted with the complaint.  *Van Winkle v. Allstate Ins. Co.,* 290 F. Supp. 2d 1158, 1162, n.2 (C.D. Cal. 2003); *see also Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions...may be considered in ruling on a Rule 12(b)(6) motion to dismiss.")

### III.  FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1. The Prison Litigation Reform Act

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a federal action concerning prison conditions "until such available administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Among the purposes of the PLRA is to allow prison officials a chance to resolve disputes regarding the exercise of their responsibilities before being haled into court; to reduce the number of prisoner suits; and to improve the quality of suits that are filed by producing a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). To satisfy the requirements of the PLRA, exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means that a prisoner must use all steps the prison offers, enabling the prison to reach the merits of the issue. *Id*. at 90. Prisoners need only comply with the prison's own grievance procedures to properly exhaust. *Bock*, 549 U.S. at 218

Procedurally, failure to exhaust under the PLRA is an affirmative defense. *Bock,* 549 U.S. at 216.  In *Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014), the court clarified the proper procedural methods for defendants to raise plaintiffs' failure to exhaust.  The court specified that when failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6).  *Id.* at 1166.  If a prisoner has not exhausted his administrative remedies before filing his federal suit, the court must dismiss the action without prejudice to the prisoner filing a new action after he has completed his administrative remedies.  *McKinney v. Carey,* 311 F.3d 1198, 1200-01 (9th Cir. 2002). Finally, a prisoner "must complete the administrative review process in

1   accordance with the applicable rules, including deadlines, as a precondition to bringing

2   suit in federal court." *Woodford*, 548 U.S. at 88.

3         2. California Prisons' Grievance Procedures

4         CDCR regulations allow a prisoner to appeal any action or decision by a prison

5   official that adversely affects the prisoner's welfare. 15 Cal. Code Regs. § 3084.1(a). The

6   CDCR's administrative exhaustion procedure was modified by amendment on December

7   13, 2010, becoming effective on January 28, 2011. *See Manning v. Bunnell*, No.

8   2:12-CV-2440, 2014 WL 1338312, at *3 (E.D. Cal. Apr. 2, 2014) . In order to exhaust

9   available administrative remedies within the current system, a prisoner must submit his

10  complaint on a CDCR Form 602 and proceed up to a third formal level of appeal filed

11  with the CDCR director or designee. Cal. Code Regs. tit. 15, § 3084.1-3084.7.

12  Third-level, or "Director's level," of review satisfies the administrative remedies

13  exhaustion requirement under Section 1997e(a). *Barry v. Ratelle*, 985 F. Supp. 1235,

14  1237 (S.D. Cal.1997); Cal. Code Regs. tit. 15 § 3084.1(b).  A cancelled or rejected

15  grievance, however, is not administratively exhausted.  Cal. Code Regs tit. 15

16  § 3084.1(b).

17        3.  Plaintiff's Exhaustion of Administrative Remedies as to December 1, 2012

18  Claim Against Defendant Marshall

19        Plaintiff alleges that on December 1, 2012, Defendant Marshall strip searched him

20  in front of "everyone in the middle of the floor" following "an inappropriate encounter in

21  the 'A' side shower where Plaintiff was accosted by Defendant Marshall." [FAC at 7.]

22  Although Plaintiff claims that he verbally reported the incident at the time, he did not file

23  a 602 appeal until May 30, 2014. [FAC, Ex.2; Doc. No. 65 at 125. ] The appeal was

24  cancelled by the Appeals Coordinator because it failed to comply with the time

25  constraints set forth in the California Code of Regulations, Title 15, Section (CCR)

26  3084.8(b)(1), which requires inmates to submit an appeal within 30 days of the action

27  being appealed.  Plaintiff did not submit his appeal form until 18 months after the

28  incident. [*Id*.]  After receiving the Appeals Coordinator's decision cancelling his appeal,

4

Plaintiff appealed the cancellation to the second-level-review, arguing that because his appeal complained of a serious issue, the appeal should not be subject to departmental time limits. [*Id.* at 123-124.] The second-level reviewer determined that the institution complied with all departmental rules and regulations for processing Plaintiff's appeal and upheld the cancellation. [*Id.* at 126.] Thereafter, Plaintiff appealed the second level denial to the Third Level of Appeals. [*Id.*] Appeals Examiner K.J. Allen reviewed Plaintiff's arguments and the decisions at the first and second levels before concluding that Plaintiff failed to submit his initial appeal in a timely manner, thereby justifying cancellation of the grievance. [*Id.* at 121.]

## IV. DISCUSSION

Plaintiff contends that he exhausted his administrative remedies because he appealed the cancellation of his grievance to the third level of review, thus completing the requirement set forth by the Prison Litigation Reform Act. [Opp'n; Doc. No. 85 at 76.] Plaintiff is correct that in order to exhaust an improperly cancelled grievance, a prisoner must appeal the cancellation to the third level of review. Nonetheless, what Plaintiff fails to understand is that notwithstanding receiving a third-level-decision, because the initial cancellation was proper, the decision upholding the cancellation does not satisfy the exhaustion requirement. Exhaustion requires that the prisoner complete the administrative review process in accordance with applicable procedural rules and Plaintiff failed to do so. *See Woodford,* 548 U.S. 81.

Although Plaintiff rightly points out that it is Defendant's burden to raise and supply proof of non-exhaustion, Plaintiff attaches to his amended complaint documentation confirming his failure to exhaust. [FAC, Ex. 2.] The Court can consider the exhibits in resolving the motion to dismiss. *Branch,* 14 F.3d at 453–54. (FAC at Ex. 2, Doc. No. 78 at 25-33.) The documents establish Plaintiff never timely appealed what Plaintiff refers to as his sexual harassment claim. [*Id.* ] And Plaintiff himself does not contest that his 602 grievance was not filed within 30 days of the incident, but instead argues that the serious nature of his claim should be exempt from the time constraints set

forth in the regulations. [Doc. No. 85 at 8,12.]  Plaintiff provides no case law in support
of this contention and the Court is unable to locate any legal authority permitting a
prisoner to ignore the time requirements of California's prison grievance procedure
based on the nature of the underlying claim. In fact, when appeals are cancelled for
proper reasons, administrative remedies are not effectively unavailable and Plaintiff is
not excused from complying with the prison's regulations for properly exhausting
administrative remedies. *Woodford,* 548 U.S. 81.  The Ninth Circuit echoed this
sentiment in *Woods v. Carey*, 684 F.3d 934, 936 n.3 (9th Cir. 2006), and confirmed that
in *Woodford* the Supreme Court held the exhaustion requirement is not satisfied if a
grievance is denied as untimely.  Thus, Plaintiff is incorrect in his belief that he
presented a "valid excuse to exhaustion" and that the third-level decision provided him
with the right to redress his grievance in court. Because Plaintiff submitted his appeal 18
months after the incident, he did not *properly* exhaust his administrative remedies and
the cancellation was appropriate.

    As such, Plaintiff's failure to exhaust is plain on the face of the complaint and the
Court recommends that the FAC be dismissed without prejudice, but also without leave
to amend because amendment would be contrary to *McKinney*, 311 F.3d 1198.

## V. CONCLUSION

    Having reviewed the matter, the undersigned Magistrate Judge recommends that
Defendant Marshall's Motion to Dismiss be **GRANTED**. Plaintiff's Complaint against
Defendants Olson, Ramirez and R.J. Donovan Correctional Facility should be dismissed
without prejudice.

    This Report and Recommendation of the undersigned Magistrate Judge is
submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C.
sec. 636(b)(1).

    IT IS HEREBY ORDERED that no later than, **May 13, 2015**, after receiving a
copy of this Report and Recommendation, any party to this action may file written
objections with the Court and serve a copy on all parties. The document shall be

captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties by **May 29, 2015**.

IT IS SO ORDERED.

DATED:  April 9, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court